**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

JODIE MARTIN,

    Plaintiff,

v.

JEFFERSON CAPITAL SYSTEMS, LLC,

    Defendant.
_____/

Civil Action No. 1:14-CV- 1151

Hon.

**COMPLAINT**
**JURY TRIAL DEMANDED**

Roger G. Cotner, Esq. (P36539)
COTNER LAW OFFICES
Attorney for Plaintiff
PO Box 838
Grand Haven, MI 49417
616-846-7153
roger@cotnerlaw.us

_____/

**Jurisdiction and Venue**

1.  This Court has jurisdiction under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692k(d); and 28 U.S.C. §§ 1331 and 1337. This Court has supplemental jurisdiction regarding Plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because Defendant transacts business here, the pertinent events took place here, and Plaintiff resides here.

2.  This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"); and the Michigan

1

Collection Practices Act ("MCPA"), M.C.L. § 445.251 *et seq.*

## Parties

3. Plaintiff Jodie Martin is a natural person who resides in the City of Grand Haven, County of Ottawa, State of Michigan, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Jefferson Capital Systems, LLC ("Jefferson"), is a limited liability company, with its principal place of business located at 16 McLeland Road, St. Cloud, Minnesota, 56303, having its registered agent at CSC - Lawyers Incorporating Service Company, 601 Abbot Road, East Lansing, Michigan 48823.  Jefferson is engaged in the business of purchasing and collecting defaulted and charged off consumer debts.  Jefferson uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.  Jefferson regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  Jefferson is a "regulated person" as the term is defined and used in the MCPA.; and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## Factual Allegations

5. Upon information and belief, Jefferson purchased or otherwise acquired rights to collect consumer debts previously owed to Fingerhut, and others at all relevant times.

6. On or about November 25, 2013, Jefferson filed a collection action against Ms. Martin in 58th District Court in Grand Haven, Michigan.  The complaint alleged that Ms. Martin owed Jefferson as successor in interest to Fingerhut Direct Marketing an account stated in the amount of $1,203.76, as of June 18, 2013.

7.  A stale affidavit dated August 22, 2013, made by Joan Weiman, Jefferson's "authorized representative", was attached to the complaint.  Ms. Weiman swore that she had access to records of the account; that Jefferson was "successor in interest of Fingerhut Direct Mrkting" (*sic*); and that the amount due on the account as of June 18, 2013, was $1,203.76.

8.  Defendant Jefferson then caused a summons, complaint and affidavit to be served upon Ms. Martin on or about December 11, 2013.

9.  Ms. Martin timely answered the complaint and denied knowledge of the alleged debt.

10.  The 58th District Court set the collection action for a pretrial conference held on or about March 24, 2014, requiring Ms. Martin's attendance.

11.  The 58th District Court later set the collection action for mediation, again requiring Ms. Martin's attendance and payment of mediation fees.

12.  On or about March 26, 2014, Ms. Martin retained Cotner Law Offices to represent her in the collection action pending against her in Ottawa County, Michigan, 58th District Court.

13.  The parties embarked on discovery and attended a bench trial held by 58th District Court on June 30, 2014.

14.  After trial, the Court ruled that Jefferson Capital failed to establish that Ms. Martin owed any amount to Jefferson Capital, and dismissed the case against Ms. Martin with prejudice.  The 58th District Court entered an order dismissing the case with prejudice on July 30, 2014.

15.  As a result of Jefferson Capital's abusive collection actions, Ms. Martin has

sustained severe and permanent injuries that include, but are not limited to, chronic sleeplessness; extreme anxiety and emotional distress; monetary losses in the form of attorney fees and costs to defend her in the state court action, and costs associated with her and her husband's attendance at several state court hearings; and other injuries.

## Summary

16. All of the above-described collection actions Jefferson Capital took against Ms. Martin violated numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692f(1), and 1692g, amongst others.

17. The above-detailed conduct by Jefferson of harassing Ms. Martin in an effort to collect a debt she never incurred, never paid on, and that was barred by the applicable statute of limitations; and could not have been collected using the methods threatened by Jefferson; were violations of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

18. The above-detailed conduct by Jefferson of harassing Ms. Martin in an effort to collect a debt she never incurred, never paid on, and that was barred by the applicable statute of limitations; and could not have been collected using the methods threatened by Jefferson; were violations of numerous and multiple provisions of the MCPA, including but not limited to all of the above mentioned provisions of the MCPA.

19. This series of abusive collection contacts by Jefferson has extremely distressed Ms. Martin.

20. This series of abusive collection contacts by Jefferson caused Ms. Martin to lose sleep, cry, and caused physical illness.

21. Ms. Martin has suffered actual damages as a result of these illegal collection communications and efforts by Jefferson in the form of her and her husband's time and expenses to attend hearings and meet with Ms. Martin's attorney; medical expenses; relatives' expenses in efforts to calm Ms. Martin; anxiety, emotional distress, fear, frustration, upset,  humiliation, embarrassment, amongst other negative emotions; and attorney fees.

### Trial by Jury

22. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.


### Causes of Action

### Count I.
### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. § 1692 *et seq.*

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. In enacting Fair Debt Collection Practices Act, Congress made a specific finding as follows:

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

15 U.S.C. § 1692(a).

25. The foregoing acts and omissions of Jefferson constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

26. As a result of Jefferson's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

27. Defendant's conduct as alleged above was willful, oppressive, fraudulent, malicious, and done in reckless disregard of the rights of the Plaintiff, thereby warranting the imposition of punitive damages.

## Count II.
## Violations of the Michigan Collections Practices Act

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Defendant Jefferson and its employees/agents are "regulated persons" as defined by MCL §445.251(g)(xi) in the Michigan Collections Practices Act ("MCPA") MCL 445.251, et seq.

30. Ms. Martin is a person whom the act was intended protect, MCL 445.251(d).

31. Jefferson's foregoing acts in attempting to collect this debt against Ms. Martin constitute violations of the Michigan Collections Practices Act.

32. Plaintiff has suffered damages as a result of these willful violations of

6

the Michigan Collections Practices Act.

33. These violations of the Michigan Collections Practices Act were willful.

**Prayer for Relief**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

**Count I.**
**Violations of the Fair Debt Collection Practices Act**
**15 U.S.C. § 1692** *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendant and for the Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for the Plaintiff;

- for an award of punitive damages in an amount to be determined by the Court sufficient to deter the Defendants from future violations of the Fair Debt Collection Practices against Defendant and for the Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for each Plaintiff; and

- for such other and further relief as may be just and proper.

**Count II.**
**Violations of the Michigan Collections Practices Act**

- for an award of actual damages pursuant to MCL §445.257(2);

- for an award of treble actual damages pursuant to MCL §445.257(2);

- for an award of costs of litigation and reasonable attorney's fees pursuant to MCL §445.257(2) against Defendant and for each Plaintiff; and

- for such other and further relief as may be just and proper.

                                                   Respectfully submitted,

Date: November 8, 2014

/s/ Roger G. Cotner
Roger G. Cotner (P36569)
Attorney for Plaintiff
COTNER LAW OFFICES
220 Franklin Avenue
P.O. Box 838
Grand Haven, MI  49417
616-846-7153
roger@cotnerlaw.us